Rita CAMPBELL et al.; Appellants,

v.

**LIBERTY MUTUAL INSURANCE COMPANY, Appellee.**

No. 3867.

Court of Civil Appeals of Texas.

Eastland.

April 17, 1964.

Rehearing Denied May 8, 1964.

Huff & Bowers, Robert W. Gauss, Lubbock, for appellants.

McMahon, Smart, Sprain, Wilson & Camp, J. M. Lee, Abilene, for appellee.

GRISSOM, Chief Justice.

Leonard David Campbell, an employee of FMC Corporation at Plainview jumped, or fell, from a boat into Lake Stamford, in Haskell County, and drowned while he was attending a company sponsored outing. His widow and children brought this suit to set aside an award of the Industrial Accident Board. The insurance company's motion for a summary judgment was sustained and judgment accordingly entered for it. Said plaintiffs have appealed.

Plaintiffs alleged that on June 15, 1962, Mr. Campbell was an employee of FMC Corporation at Plainview; that, while he was engaged in the course of his usual and regular employment for FMC Corporation, he was injured "in that while on a company sponsored party-picnic and while in the course and scope of his employment with his employer and while riding in a small boat, the deceased fell or was caused to fall, jumped, or was caused to jump out of the boat and thereafter drowned and that his death was brought about by this injury on the job within the meaning of that term under the Workmen's Compensation Act." Plaintiffs alleged Campbell's death was a direct and proximate result of an accident which happened while he was engaged in the performance of his regular duties as an employee of said corporation. The defendant's verified motion for a summary judgment alleges as a fact that on the night Campbell drowned his employment had terminated for the day and week at 5:00 o'clock P.M.; that thereafter a weekend party was held in Haskell County by said employer for the pleasure of its employees; that attendance was not compulsory; that employees were not paid for attending and received no remuneration therefor; that only company employees attended the picnic; that no customers were

present; that no business was conducted or intended to be conducted; that Campbell was not asked to perform any service for his employer at said gathering and, upon arriving at the site of the picnic, he went joy riding in a motor boat at the lake, jumped over the side of the boat into the lake and drowned; that he was not requested to get in the boat and was not performing any service for his employer at the time.

A portion of the deposition of Mrs. Campbell was attached to said motion in which she swore that, so far as she knew, the only purpose of the picnic was just a friendly social "get-together"; that her husband did not get paid for it and that, she guessed it would be fair to assume, that while her husband was riding in the motor boat he wasn't engaged in company business.

The defendant also attached to its said motion, the affidavit of Mr. Childress, the manager of the Plainview office of said corporation, in which he swore that Campbell attended the picnic after completing his day's work; that he arrived at the picnic about 8:45 P.M. and that he thereafter jumped out of a boat into the lake and drowned. He swore that attendance by employees was voluntary; that none were required to attend; that all employees were notified that attendance was voluntary and that, if they did attend, they did so on their own time; that no employees were paid for attending the outing; that no company business was conducted or intended to be conducted; that the outing was only for entertainment of those employees that elected to go in order that they might fish, have refreshments and enjoy themselves; that no customers, prospective customers or company men were invited; that no advantage, reward, or remuneration of any kind was obtained, or intended to be obtained, by any employee by attending the outing; that none of the employees, including Mr. Campbell, did, or were expected to do, anything in connection with said outing for the employer. There was also attached the affidavit of the assistant man-

ager who swore to substantially the same things.

Plaintiffs filed an unverified reply to defendant's motion for a summary judgment in which they alleged that whether Campbell was engaged in the course and scope of his employment was a controverted fact; that the affidavits attached to defendant's motion for a summary judgment showed conclusively that Mr. Campbell "was in attendance on a company sponsored picnic;" that the statements in said affidavits were incompetent and inadmissible, because they were statements or conclusions of law; that sponsoring of the picnic by the employer was for the purpose of furthering good relations between the employer and employees; that the court could take judicial notice that a company sponsored picnic was a fringe benefit; that whether Campbell was engaged in furtherance of his employer's business was, at least, a question of fact; that when the incompetent parts of the affidavits were removed the facts stated did not show deceased was not engaged in his employer's business at the time he met his death; that, on the contrary, the company sponsored picnic was given for the purpose of furthering the affairs of the employer and attendance by deceased was an act in furtherance of his employer's affairs. The answer was not sworn to. Plaintiffs filed no controverting affidavits, nor did they in any manner other than as shown above refute the statements of fact in the affidavits supporting the defendant's motion for a summary judgment.

Appellants' points are (1) that the court erred in holding, as a matter of law, that deceased was not engaged in the course and scope of his employment at the time he drowned; (2) erred in holding that there was no question of fact; (3) erred in granting defendant's motion for a summary judgment. Appellants say that all of their complaints are directed at the error of the trial court in granting defendant's motion for a summary judgment. Appellants simply say that the affidavits filed by the defendant raised issues of fact and therefore the

court erred in rendering judgment for defendant. In that connection appellants admit that deceased met his death while attending a company sponsored picnic; that attendance was not compulsory; that his death did not occur during regular hours of his employment, but they say that the statements in defendant's affidavits that he received nothing for attending the picnic, whether a company sponsored picnic is, in and of itself, remuneration, the statement that no company business was conducted or intended to be conducted, are all conclusions of fact, inferred by said affiants and accepted by the trial court as facts, and, therefore, the court erred in rendering said judgment, despite appellants' failure to refute said affidavits or excuse their failure to do so.

Appellants cite Frazier v. Glens Falls Indemnity Company, Tex.Civ.App., 278 S. W.2d 388, (Ref. N.R.E.), and quote from that opinion to the effect that whether there had been a breach of the cooperation clause of an insurance policy is an ultimate conclusion to be drawn from all the evidence. Appellants say that whether the company sponsored picnic was given merely for recreation of its employees was an ultimate conclusion of fact as to which reasonable minds might differ. In support of these contentions appellants cite, among others, Bliss v. City of Fort Worth, Tex.Civ.App., 288 S.W.2d 558, (Ref. N.R.E.) and Pattison v. Highway Insurance Underwriters, Tex. Civ.App., 292 S.W.2d 694, (Ref. N.R.E.).

Appellants say that the effect of entering said judgment was to hold, as a matter of law, that (1) a company sponsored picnic is not a part of the company's business and (2) that employees injured while attending such a picnic are not within the course and scope of their employment.

Appellee's counterpoint is to the effect that the court correctly sustained its motion for a summary judgment because it conclusively showed that at the time Campbell drowned he was not acting within the scope of his employment and, appellants having

failed to present any opposing evidentiary data which could raise an issue of fact as to whether Campbell was within the course of his employment or to show they were unable to do so, the court properly accepted the facts set forth in the affidavits supporting its motion and concluded that at the time he drowned Campbell was not acting within the scope of his employment by FMC Corporation. To establish a compensable injury it must be shown that the injury was received while the employee was engaged in the employer's business.

■ The facts sworn to in connection with appellee's motion for a summary judgment show that Mr. Campbell at the time he drowned was not acting within the scope of his employment, or on behalf of FMC Corporation, but, on the contrary, that he was engaged in a mission of his own. This is unquestionably true, unless the fact that at the time he jumped from a boat and drowned he was attending a company sponsored picnic which had for its purpose good relationship between the company and its employees, changed that legal situation. We hold that it did not. As stated, appellants did not counter appellee's affidavits with affidavits, depositions, or other "evidence" to the contrary. All they did was to file a pleading replying thereto in which they alleged there were issues of fact. This was not sufficient to raise a fact issue. In Kuper v. Schmidt, 161 Tex. 189, 338 S.W. 2d 948, 951, Judge Walker speaking for the Supreme Court said:

"When facts entitling the moving party to prevail have been established by affidavits, deposition testimony or admissions, the motion for summary judgment will not be denied merely because the opposite party has alleged matters which, if proved, would require that a different judgment be rendered. * * If the defendants expected to defeat the motion for summary judgment by showing an issue of fact as to whether the note was conditionally delivered, it was incumbent upon them to come for-

ward with 'evidence' sufficient to raise that question."

In Rountree v. Bridwell, Tex.Civ.App., 269 S.W.2d 824, (Ref. N.R.E.), the San Antonio Court in an opinion by Judge Norvell said:

"We have set forth the essential facts disclosed by defendants' uncontradicted affidavits as to the 'methods' of operation under the lease relating to the marketing of the gas produced. In view of these affidavits, it was incumbent upon appellees to contradict the same or show that they were not in a position to do so. This was not done and the court was justified in accepting the statements therein contained as true and acting accordingly. Rolfe v. Swearingen, Tex.Civ.App., 241 S.W.2d 236."

The facts in Palm v. La Mantia Bros. Arrigo Company, Tex.Civ.App., 287 S.W. 2d 208, 210, (Ref. N.R.E.), are similar to the facts of this case. Here, there was no controverting affidavit raising an issue of fact, only an unsworn answer asserting that an issue of fact existed. There, there was an affidavit attached which was general and did not properly controvert the fact sworn to by appellee and an answer asserting there was an issue of fact. Here, there is only the unsworn answer of appellants with no affidavit, general or otherwise, denying the facts shown in appellee's affidavits, particularly, those which showed that Campbell was not acting within the scope of his employment or for his employer at the time of his death.

No Texas case dealing with company sponsored outings is cited. However, there are cases from other jurisdictions which hold that injuries received by an employee under the circumstances shown by defendant's affidavits were not received in the course of employment and not compensable. In Stout v. Sterling Aluminum Products Company, (Mo.App.), 213 S.W.2d 244, the Court of Appeals held that an injury received by an employee falling in a public

park while attending a company sponsored picnic, which he was not required to attend was not compensable, despite benefits the employer might receive by creation of good will. The same holding was made in cases from other states cited in 115 A.L.R. 993.

In McFarland v. St. Louis Car Company, Mo.App., 262 S.W.2d 344, the same court decided a company baseball team case. There, the employer furnished uniforms and paid for some other equipment for a ball team which used the company's name, but it played after hours and received no pay. It was held that an injury suffered by an employee ball player under such circumstances did not arise out of and in the course of his employment and that ball playing was not an incident of his employment.

In Auerbach Co. v. Industrial Commission, 113 Utah 347, 195 P.2d 245, it was held that a dry goods company's cashier who was injured in an automobile accident while on a trip to play basketball on a team sponsored by her employer was not injured in the course of her employment, where she was not hired as a basketball player and was paid only as a cashier.

In Berry v. Colonial Furniture Company, 232 N.C. 303, 60 S.E.2d 97, the Supreme Court of North Carolina held that an injury sustained by a credit manager of a furniture company while on a fishing trip at the employer's expense and riding in a company truck after the store had closed for the day, although the trip was paid for as a consideration in connection with the employment, was not an accident arising out of and in the course of his employment. See also Heaton v. Ferrell, Mo.App., 325 S.W.2d 800.

■ Appellee's motion for a summary judgment was supported by affidavits sufficient to establish facts which if proved at the trial would have entitled the appellee to an instructed verdict. The facts shown established that Campbell was not acting in the course of his employment for FMC Corporation when he drowned. This re-

quired appellants to present opposing evidentiary data raising an issue as to such material fact, or to excuse themselves from not doing so. Appellants did not take the required action. They did not even attempt to present any evidentiary data raising an issue of material fact or to show their inability to do so. Therefore, the court did not err in accepting the facts shown by appellee's affidavits as true and in granting appellee's motion for a summary judgment. Gulf, Colorado & Santa Fe Railway Company v. McBride, 159 Tex. 442, 322 S.W.2d 492. See also Smith v. Campbell, Tex.Civ.App., 361 S.W.2d 462; Stafford v. Wilkinson, 157 Tex. 483, 304 S.W.2d 364 and Schepps v. American District Telegraph Company, Tex.Civ.App., 286 S.W.2d 684.

The judgment is affirmed.