Cindy Annette MERSCH, Appellant,

v.

ZURICH INSURANCE
COMPANY, Appellee.

No. 2–88–019–CV.

Court of Appeals of Texas,
Fort Worth.

Dec. 6, 1989.

**448**

Greenberg and Greenberg, P.C. and Michael Greenberg, Arlington, for appellant.

Joseph W. Stewart, P.C. and Malcolm G. Renwich, Arlington, for appellee.

Before WEAVER, C.J., and KELTNER and LATTIMORE, JJ.

## OPINION

KELTNER, Justice.

The issue in this appeal is whether appellant was in the course and scope of her employment when she was injured during a softball game at a company-sponsored picnic. The trial court granted a summary judgment in favor of the worker's compensation insurance carrier. We affirm the judgment of the trial court under the peculiar facts of this case.

Cindy Mersch was employed by North American Mortgage Company as an assistant loan officer. She was injured while playing softball at a company-sponsored picnic. She brought a worker's compensation suit to recover benefits for her disability from the injury. The insurance carrier filed a motion for summary judgment contending that the uncontradicted summary judgment evidence established that Mersch was not in the course and scope of her employment when she was injured.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV.P. 166a. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American Reserve Ins. Co. v. San Antonio Plumbing Sup. Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the non-movant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Montgomery v. Kennedy*, 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Insurance Company*, 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference

from the evidence must be indulged in favor of the non-movant and any doubts resolved in his favor. *Montgomery*, 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American*, 391 S.W.2d at 47.

The only summary judgment evidence before us on appeal is portions of Mersch's deposition attached to the motion for summary judgment, an affidavit of Mike Taliaferro, a manager with North American Mortgage Company, the affidavit of Susan Hurst, Mersch's supervisor at North American Mortgage Company, and the insurance carrier's answers to requests for admissions and responses to written interrogatories.[1]

The summary judgment evidence reveals that North American sponsored a picnic for its employees and their families. The picnic was held at a recreation ranch, away from the company's premises. Additionally, the picnic was not held during working hours, but on Sunday, when all employees were off work. The affidavits of Hurst and Taliaferro reveal that the employees were informed their attendance was voluntary and none were required to attend. Additionally, no employee was discriminated against for not attending and no form of coercion was used to secure any employee's attendance. There was uncontroverted evidence that no company business was conducted and the outing was only for the entertainment and morale of the employees who decided to attend.

In her deposition, Mersch testified that attendance at the picnic was "totally voluntary." She admitted that she would not fall into disfavor or suffer criticism or loss of stature if she did not attend. However, she testified she felt an obligation, "just on my own because I am the oldest employee in my office and other people do kind of look up to me" to attend the picnic. Nonetheless, she testified this feeling was not imposed upon her by the company but was merely her own feeling.

Mersch was injured at a softball game during the picnic. She testified the game was one of several scheduled events. It was left to the discretion of each attendee to decide in which, if any, of the events they would participate.

In two points of error, Mersch contends the trial court erred in granting summary judgment for the insurance company because the evidence demonstrated, alternatively, that her injury occurred in the course and scope of her employment or raised fact questions for the jury. We disagree and overrule both points of error.

The Texas Worker's Compensation Act defines the term "injury sustained in the course of employment" as follows:

> The term "injury sustained in the course of employment," as used in this Act, shall not include:
>
> . . . .
>
> (4) An injury caused by the employee's wilful intention and attempt to injure himself, or to unlawfully injure some other person, *but shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employee whether upon the employer's premises or elsewhere.*

TEX.REV.CIV.STAT.ANN. art. 8309, sec. 1 (Vernon 1967) (emphasis added).

As a result, a claimant under the Texas Worker's Compensation Act must show not only that the injury was received in the course of his or her employment, but also that the injury was of a kind and character that had to do with and originated in the employee's work, trade, business or profession. *Shelton v. Standard Insurance Company*, 389 S.W.2d 290, 292 (Tex. 1965).

Texas courts had many opportunities to decide whether an employee at his or her employer's social function was in-

---

1. Only the portions of Mersch's deposition which were attached to the motion for summary judgment are before us on appeal.

jured "in the course and scope of employment." Texas case law holds that an injury occurring while an employee is engaged in a recreational or social activity sponsored by his employer, is not in the course and scope of employment unless (1) participation in such activity is expressly or impliedly required by the employer; (2) or the employer derives some benefit from the activity, other than the health and morale of the employee; (3) or where the injury takes place at the place or immediate vicinity of employment while the employee is required to hold himself or herself in readiness for work, and activity takes place with the employer's express or implied permission. *Yeldell v. Holiday Hills Retire. & Nursing Ctr., Inc.*, 701 S.W.2d 243, 245 (Tex.1985) (held that employee injured on employer's premises while making a personal telephone call, which was allowed by employer, was in the course and scope of employment); *Fidelity & Guaranty Insurance Underwriters, Inc. v. Rochelle*, 587 S.W.2d 493, 495 (Tex.Civ.App.—Dallas 1979, writ dism'd) (holding that a fact issue was presented on the question of course and scope of employment when the employer provided a ping pong table for use of employees during lunch and other work breaks and an injury occurred); *City of Austin v. Smith*, 579 S.W.2d 84, 87 (Tex. Civ.App.—Fort Worth 1979, no writ) (holding that city employee who was encouraged to have a flu shot and driven to vaccination point on city time by city vehicle was in the course and scope of his employment when injured); *Fidelity & Casualty Co. of New York v. Musick*, 562 S.W.2d 38, 40 (Tex. Civ.App.—Tyler 1978, writ ref'd n.r.e.) (holding that employee injured digging a pit for a company barbeque and cleaning up in a lake deviated from employment and was not in the course and scope of his employment); *Clevenger v. Liberty Mut. Ins. Co.*, 396 S.W.2d 174, 182–84 (Tex.Civ. App.—Dallas 1965, writ ref'd n.r.e.) (holding that automobile salesman injured in a softball game at company picnic he was *required to attend* was in the course and scope of his employment). The Dallas court held that by impliedly requiring employees to attend a picnic and mixing business with recreational activities, the employer had brought such recreational activity within the orbit of employment since it derived a substantial direct benefit from the event beyond the intangible value of improvement of the employee's health and morale. *Id.* at 182; *Campbell v. Liberty Mut. Ins. Co.*, 378 S.W.2d 354, 357–58 (Tex. Civ.App.—Eastland 1964, writ ref'd n.r.e.) (held that employee voluntarily attending company picnic when he fell off a boat and drowned was not in the course and scope of employment); *Employers Mutual Liability Ins. Co. of Wis. v. Sanderfer*, 382 S.W.2d 144, 148 (Tex.Civ.App.—Houston 1964, writ ref'd n.r.e.) (held that employee who was injured during deer hunting trip was in the course and scope of his employment because he was required to go on the trip for business purposes by his employer).

■ In the case before us, the only summary judgment evidence was produced by the insurance company. It is uncontroverted that none of the employees, including Mersch, were required to attend the picnic either directly or indirectly. Likewise, it is clear that the picnic was not used to promote or aid in North American's business. Additionally, Mersch was not required to hold herself in readiness for work at the picnic. Instead, the picnic was held on a non-work day at a place remote from North American's operations. The facts of this case are remarkably similar to the facts in *Campbell v. Liberty Mut. Ins. Co.* In *Campbell*, the evidence demonstrated that Campbell drowned at a weekend party held by his employer for the pleasure of the employees. Attendance was not compulsory and employees were not paid for attending. Only company employees attended the picnic, no customers were present, and no business was conducted in order to further the business of the employer. In that case, the court of appeals upheld the trial court's granting of a summary judgment because at the time Campbell died, he was not acting within the course of his employment. *Id.* at 358.

Nonetheless, Mersch would have us abandon this authority because of her claim that a recent Texas Supreme Court decision construing the Texas Worker's Compensation Act demonstrates "an intent

to construe the Act on its face by looking at the words used in the Act itself regardless of prior decisions." In support of this theory, Mersch points to several recent supreme court decisions which have interpreted language in the Worker's Compensation Act literally. *Lujan v. Houston General Ins. Co.*, 756 S.W.2d 295 (Tex.1988) (holding that employee doused with gasoline at work was in the course and scope of his employment when the gasoline fumes ignited in his bathroom at his home because article 8309, section 1 anticipates that injuries in the course of employment may occur off the employer's premises); *Aranda v. Insurance Co. of N.A., Inc.*, 748 S.W.2d 210 (Tex.1988) (holding that the exclusivity provision of the Worker's Compensation Act did not create a bar to a claim for the breach of the duty of good faith and fair dealing); *Leos v. State Employees Workers' Comp. Div.*, 734 S.W.2d 341 (Tex.1987) (holding that the intent of the Legislature enacting article 8306, section 12 was to permit cumulative benefits for multiple specific injuries. The supreme court overruled two prior opinions because it disagreed with the past interpretation of the Act); *Azar Nut Co. v. Callie*, 734 S.W.2d 667 (Tex.1987) (holding that punitive damages are recoverable under article 8307c of the Worker's Compensation Act because they are included in the meaning of "reasonable damages suffered by the employee"); *Nasser v. Security Ins. Co.*, 724 S.W.2d 17 (Tex.1987) (holding that employee stabbed by an assailant who was a customer's girlfriend, constituted an injury in the course and scope of employment).

Simply stated, Mersch argues that if she had not worked for North American Mortgage Company, she would not have been present at the company picnic and would not have been injured. This "cause in fact" reasoning does not satisfy the definition of injury in section 1 of article 8309.

As a result, we overrule both points of error and affirm the judgment of the trial court.