James **THORNHILL** and Thornhill Enterprises, Inc., Appellants,

v.

**HOUSTON GENERAL LLOYDS,** Appellee.

No. 2–90–117–CV.

Court of Appeals of Texas, Fort Worth.

Jan. 16, 1991.

---

Staples, Foster & Hampton, Kenneth C. Curry, Hurst, for appellants.

Riddle & Brown, Phillip W. Gilbert, Dallas, for appellee.

Before JOE SPURLOCK, II, FARRIS and DAY, JJ.

OPINION

DAY, Justice.

This is an appeal from a summary judgment in which the trial court held that Houston General Lloyds (hereinafter Houston), insurer and appellee, had no duty to defend a suit instituted against James Thornhill (hereinafter Thornhill) and Thornhill Enterprises, Inc. (hereinafter Thornhill, Inc.), insureds and appellants (hereinafter Thornhill defendants). In this case of first impression, we must determine whether the allegations which form the basis of a separate pending litigation govern a disputed issue of coverage between an insurer and the defendant of that pending suit. We answer in the affirmative.

James and Rita Thornhill organized Thornhill Enterprises, Inc. in 1985 and have been the sole officers, directors, and shareholders of Thornhill Enterprises, Inc. since its inception. Shortly after its incorporation, Thornhill Enterprises, Inc. purchased a convenience store known as the Watauga Beer Barn. Thornhill Enterprises, Inc. employs James Thornhill as President and General Manager and in such capacity Thornhill directed the daily operation of the Watauga Beer Barn. James Thornhill was also responsible for the employment, termination, and training of employees of Thornhill Enterprises, Inc.

Houston issued a Texas Commercial Multi-Peril Policy to the Watauga Beer Barn effective from February 1, 1987 to February 1, 1988. The policy provides:

The Company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury or property damage to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental to the business of the named insured conducted at or from the insured premises and the Company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury

or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the Company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the Company's liability has been exhausted by payment of judgments or settlements.

The policy contained an express "liquor liability" exclusion, as follows:

This insurance does not apply:

. . . .

(h) to bodily injury or property damage for which the insured or his indemnitee may be held liable

(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or

(2) if not so engaged, as an owner or lessor of premises used for such purposes,

if such liability is imposed

(a) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

(b) *by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;*

but part (b) of this exclusion does not apply with respect to liability of the insured or his indemnitee as an owner or lessor described in (2) above; . . . [Emphasis added.]

In a separate cause of action, Geneva Davis, individually and on behalf of the estate of Denese Davis, filed suit against James Thornhill, d/b/a the Watauga Beer Barn, and Thornhill Enterprises, Inc., alleging that on December 31, 1987, Denese Davis was a passenger in an automobile which was struck by a pickup truck driven by Kenneth Richard Sherrell. Denese Davis died as a result of the injuries incurred in the accident. Geneva Davis's petition alleged:

Defendant, JAMES THORNHILL d/b/a, THE WATAUGA BEER BARN, and/or Defendant, THORNHILL ENTERPRISES, INC., by and through its agents, servants or employees was guilty of negligence in the following respects:

a. In *selling alcoholic beverages* to Defendant, KENNETH RICHARD SHERRELL, when it was apparent that said Defendant, KENNETH RICHARD SHERRELL, was obviously intoxicated to the extent that he presented a clear danger to himself and others;

b. In *selling alcoholic beverages* to Defendant, KENNETH RICHARD SHERRELL, a minor;

c. In entrusting a minor employee with an employment or agency position which allows him to *sell alcoholic beverages;*

d. In failing to properly supervise their employees with regard to the *sale of alcoholic beverages;* and

e. In failing to properly train their employees with regard to the *sale of alcoholic beverages.*

f. In entrusting a minor employee with an employment or agency position pursuant to which he *sold alcoholic beverages* when they knew or in the exercise of ordinary care should have known that said minor employee was unfit and/or unskilled to *sell alcoholic beverages.*

g. In entrusting a minor employee with an employment or agency position pursuant to which he *sold alcoholic beverages* when they knew or in the exercise of ordinary care should have known that other minors would attract [sic] to Defendant's place of business for the purpose of purchasing alcoholic beverages. . . . [Emphasis added.]

Houston subsequently instituted a separate suit for declaratory judgment seeking determination of its duty to defend the Thornhill defendants involved in the Davis litigation. Houston filed a motion for summary judgment to which the Thornhill defendants responded. The trial court granted summary judgment finding that Houston

had no duty to defend the Thornhill defendants in the Davis litigation. The Thornhill defendants thereafter perfected this appeal.

The Thornhill defendants assert in their sole point of error that the trial court erred in granting Houston's motion for summary judgment. In a summary judgment case, the court must determine whether the movant met his burden by establishing that there exists no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Mersch v. Zurich Ins. Co.*, 781 S.W.2d 447, 448 (Tex. App.—Fort Worth 1989, writ denied); *Martin v. Petta*, 694 S.W.2d 233, 237 (Tex.App. —Fort Worth 1985, writ ref'd n.r.e.). Because the movant bears the burden of proof, we must view the evidence in the light most favorable to the non-movant. *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988); *University of Texas Health Science Center v. Big Train Carpet*, 739 S.W.2d 792 (Tex.1987). In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the non-movant will be accepted as true. *Sorrells v. Giberson*, 780 S.W.2d 936, 937 (Tex.App.—Austin 1989, writ denied); *Dan Lawson & Assoc. v. Miller*, 742 S.W.2d 528, 530 (Tex.App.—Fort Worth 1987, no writ). The summary judgment will be affirmed only if the record establishes that the movant conclusively proved all the essential elements of his defense as a matter of law. *Peek v. Oshman's Sporting Goods*, 768 S.W.2d 841, 843 (Tex.App.—San Antonio 1989, writ denied); *Stewart v. U.S. Leasing Corp.*, 702 S.W.2d 288, 289 (Tex.App.— Houston [1st Dist.] 1985, no writ).

In the present case, the record established that Thornhill was the owner and co-shareholder of Thornhill, Inc., which operates the Watauga Beer Barn. He was also President and General Manager of Thornhill, Inc. Thornhill was obviously engaged in the business of selling or serving alcohol. This was his occupation and his livelihood.

Geneva Davis did not allege that the Thornhill defendants had any other connection, relationship, or effect upon the automobile collision in question other than their business of selling alcohol to Kenneth Sherrell. Furthermore, the crux of every allegation of Davis's petition is Thornhill's business of selling or serving alcoholic beverages. The Thornhill defendants assert that Houston is obligated to defend against Davis's suit because of the *potential* for Houston's liability under the policy terms. They contend that Thornhill's failure to supervise and train employees of the Watauga Beer Barn provides an alternative ground upon which the trial court could have denied Houston's motion for summary judgment. The Thornhill defendants ask this court to construe the language of the liability insurance policy such that their liability could attach as a result of some separate, additional reckless or wanton conduct and not from the sale of alcoholic beverages. Such a construction would constitute a *misconstruction* of the clearly worded policy terms. Davis's petition reflects that she pleaded that each of the alleged acts, singularly or in combination with others, constituted negligence, negligence per se and gross negligence which proximately caused the collision. Because Davis's allegations of negligence were not mutually exclusive but related and interdependent, there were no other alternative grounds of negligence upon which the trial court could possibly have found in favor of the Thornhill defendants when presented with a motion for summary judgment. Geneva Davis's petition alone laid the grounds upon which Houston's duty to defend was determined. There simply were no other disputed genuine issues of fact.

Finally, the policy issued by Houston to the Watauga Beer Barn plainly and specifically excluded coverage for liability arising out of the business of selling or serving alcohol. The policy language could not be more clear.

We find that the trial court properly granted Houston's motion for summary judgment. Indulging every reasonable in-

ference in favor of the Thornhill defendants and resolving any doubts in their favor, we find there were no genuine material issues of fact. Houston was therefore entitled to judgment as a matter of law. Thornhill's sole point of error is overruled.

The judgment of the trial court is affirmed.