Mavis **BURNETT**, Appellant,

v.

**INA**, Appellee.

No. 2–90–227–CV.

Court of Appeals of Texas,
Fort Worth.

May 31, 1991.

**834**

Law Offices of Charles M. Noteboom, P.C., David G. Hart and Richard J. Pradarits, Jr., Fort Worth, for appellant.

Swift, Bell, Ward & Dorman, Richard E. Ward and Billie J. Ticknor, Fort Worth, for appellee.

Before JOE SPURLOCK, II, HILL and LATTIMORE, JJ.

## OPINION

LATTIMORE, Justice.

This is a workers' compensation case. The issue in this appeal is whether appellant was in the course and scope of her employment when she was injured while playing softball at a company-sponsored picnic. The trial court granted a summary judgment in favor of the workers' compensation insurance carrier.

We affirm.

Appellant, Mavis Burnett, was employed by General Dynamics in the materials department. Appellant was injured while warming up for a softball game at a company-sponsored picnic. Appellee, INA, filed a motion for summary judgment contending that the uncontradicted summary judgment evidence established that appellant was not in the course and scope of her employment when she was injured.

 In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exists no genuine is-

sue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority,* 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV.P. 166a. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American Reserve Insurance Co. v. San Antonio Plumbing Supply Co.,* 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the nonmovant. *See id.* In deciding whether there is a material fact issue precluding summary judgment, all conflicts in the evidence will be disregarded and the evidence favorable to the nonmovant will be accepted as true. *Montgomery v. Kennedy,* 669 S.W.2d 309, 311 (Tex.1984); *Farley v. Prudential Insurance Co.,* 480 S.W.2d 176, 178 (Tex.1972). Every reasonable inference from the evidence must be indulged in favor of the nonmovant and any doubts resolved in his favor. *Montgomery,* 669 S.W.2d at 311. Evidence which favors the movant's position will not be considered unless it is uncontroverted. *Great American,* 391 S.W.2d at 47. The summary judgment will be affirmed only if the record establishes that the movant has conclusively proved all essential elements of his cause of action or defense as a matter of law. *City of Houston,* 589 S.W.2d at 678.

The only summary judgment evidence before us on appeal is portions of appellant's deposition attached to appellee's motion for summary judgment and to appellant's response.

The summary judgment evidence reveals that three departments within General Dynamics sponsored a picnic for employees and their guests. The picnic was held at the General Dynamics Recreation Area. Additionally, the picnic was not held during working hours, but on Saturday, when appellant was off work.

In her deposition, appellant testified that attendance at the picnic "wasn't mandatory." She also testified that not everyone from her department attended the picnic. Appellant admitted that attendance at the picnic did not affect her job. She also

stated that failing to attend would not have resulted in any adverse effect. Appellant testified that people at the picnic were free to come and go as they pleased. Appellant testified, however, that attendance was encouraged. Appellant stated that "all I remember is [them] just talking it up and encouraging us to participate and be there."

Appellant was injured while warming up for a second softball game. She testified that the game was one of several scheduled events. The attendees were given the discretion to decide which events, if any, they would choose to participate in.

Former TEX.REV.CIV.STAT.ANN. art. 8309, § 1[1] provided that:

> The term "injury sustained in the course of employment," as used in this Act, shall not include:
>
> . . . .
>
> (4) An injury caused by the employee's wilful intention and attempt to injure himself, or to unlawfully injure some other person, *but shall include all other injuries of every kind and character having to do with and originating in the work, business, trade or profession of the employer received by an employee while engaged in or about the furtherance of the affairs or business of his employer whether upon the employer's premises or elsewhere.*

*Id.* (emphasis added).

■ A claimant seeking compensation benefits under the Texas Workers' Compensation Act must show: (1) the injury was received in the course of the claimant's employment; and (2) the injury was of a kind and character having to do with and originating in the employer's work, trade,

business, or profession. *Texas General Indemnity Co. v. Bottom,* 365 S.W.2d 350, 353 (Tex.1963); *North River Insurance Co. v. Purdy,* 733 S.W.2d 630, 633 (Tex. App.—San Antonio 1987, no writ).

There have been a number of cases decided by Texas courts concerning whether an employee at an employer's recreational function was injured in the "course and scope of employment." *See, e.g., Mersch v. Zurich Insurance Co.,* 781 S.W.2d 447, 451 (Tex.App.—Fort Worth 1989, writ denied) (holding that employee injured during softball game at company-sponsored picnic she was voluntarily attending was not in course and scope of employment); *Fidelity & Casualty Co. v. Musick,* 562 S.W.2d 38, 40 (Tex.Civ.App.—Tyler 1978, writ ref'd n.r.e.) (finding that employee injured while diving into lake after digging pit for company barbecue had deviated from the event and was not in the course and scope of employment); *Employers Mutual Liability Insurance Co. v. Sanderfer,* 382 S.W.2d 144, 148 (Tex.Civ.App.—Houston 1964, writ ref'd n.r.e.) (holding that vice president of oil well company was in course and scope of employment when he fell from a tree on a deer hunt because he went on trip at the suggestion of president to promote good will for company); *Campbell v. Liberty Mutual Insurance Co.,* 378 S.W.2d 354, 357 (Tex.Civ.App.—Eastland 1964, writ ref'd n.r.e.) (holding that employee who drowned after jumping from boat was not in course and scope of employment since employee was voluntarily at company-sponsored outing and received no compensation).

Texas case law holds that in order for an injury occurring while an employee is en-

1. Act approved June 1, 1959, 56th Leg., R.S., ch. 355, 1959 Tex.Gen.Laws 778, *repealed by* Act effective Jan. 1, 1991, 71st Leg., 2d C.S., ch. 1, § 16.01, 1989 Tex.Gen.Laws 1, 115 (version considered in the present case may be found at TEX.REV.CIV.STAT.ANN. art. 8309, § 1 (Vernon 1967)). The new Texas Workers' Compensation Act became effective January 1, 1991. Although not relevant to this case because of the date of injury and summary judgment, we would direct the reader to the present definition of "course and scope of employment" found at article 8308–1.03(12):

"Course and scope of employment" means an activity of any kind or character that has to do with and originates in the work, business, trade, or profession of the employer and that is performed by an employee while engaged in or about the furtherance of the affairs or business of the employer. The term includes activities conducted on the premises of the employer or at other locations. TEX.REV.CIV.STAT.ANN. art. 8308–1.03(12) (Vernon Supp. Pamph.1991).

gaged in a social or recreational activity sponsored by his employer to be within the course and scope of employment, there must be a showing that: (1) participation in the activity was expressly or impliedly required by the employer; or (2) the employer derived some benefit from the activity other than the health and morale of the employees; *or* (3) the injury takes place at the site, or within the immediate vicinity, of employment while the employee is required to hold himself in readiness for work and the activity takes place pursuant to the employer's express or implied permission. *Mersch,* 781 S.W.2d at 450.[2]

■ In her sole point of error, appellant contends the trial court erred in granting summary judgment. Appellant argues there were genuine issues of material fact which precluded summary judgment. Specifically, appellant complains of genuine issues of material fact concerning: (1) an implied requirement for appellant's participation; and (2) a substantial direct benefit derived by appellant's employer from appellant's participation.

We will address the question of an implied requirement to participate first. An injury sustained during the course of a recreational activity sponsored by an employer is within the course and scope of employment when the employer expressly or impliedly requires employee participation. *See Mersch,* 781 S.W.2d at 450. Appellant cites the case of *Clevenger v. Liberty Mutual Insurance Co.,* 396 S.W.2d 174 (Tex.Civ.App.—Dallas 1965, writ ref'd n.r.e.) as authority for her contention that there was an implied compulsion to participate. In *Clevenger,* the court cited Professor Larson's work on Workmen's Compensation:

"If the activity although not an integral part of the job is in effect required,

it is clear enough that the employer has brought that activity within the employment. * * * The compulsion need not take the form of a direct order if the employee is made to understand that he is to take part in the affair."

*Id.* at 182 (citing 1A A. LARSON, THE LAW OF WORKMEN'S COMPENSATION § 22.22 (1990).[3]

We find the *Clevenger* case to be distinguishable from the present case. *Clevenger* did not involve a summary judgment. In *Clevenger,* the case was submitted to a jury which was unable to agree on an answer to the question of whether the plaintiff had sustained his injuries during the course and scope of his employment. After the jury was discharged, the trial court granted the defendant's motion for an instructed verdict finding that, as a matter of law, the plaintiff was not within the course and scope of employment when injured while playing baseball. *Id.* at 175.

In *Clevenger,* the court reviewed the evidence presented to the jury. The plaintiff testified that he received a bulletin from the company concerning the company picnic. He also testified that his sales managers talked to him personally about the picnic and told him that they expected him to be there. *Id.* at 177. The plaintiff traveled to the picnic in a company car. When he arrived at the picnic, he found that the company had set up a display containing a new model of automobile sold by the company. There were a number of signs describing the features of the automobile. *Id.* at 178. The plaintiff testified that after he looked at the car, he went to the ball park where one of his sales managers took him by the arm and indicated that plaintiff should get into the game. *Id.* at 179. The plaintiff also testified that business was discussed at the picnic. *Id.* Other witness-

---

**2.** The reader is directed to TEX.REV.CIV.STAT.ANN. art. 8308–3.02 (Vernon Supp. Pamph.1991) which now contains a statutory exception for injuries occurring during recreational activities:

An insurance carrier is not liable for compensation if:

. . . .

(5) the injury arose out of voluntary participation in an off-duty recreational, social, or

athletic activity not constituting part of the employee's work-related duties, except where these activities are a reasonable expectancy of or are expressly or impliedly required by the employment. . . .

*Id.*

**3.** The 1990 version of Larson reflects the identical language cited by the court in *Clevenger.*

es testified as to their view of attendance. One witness testified that he went because he believed "it was in my best interests as an employee to attend." *Id.* at 180. The used car manager testified that the picnic was designed to promote a more efficient operation so as to increase company profits. *Id.* at 181.

After reviewing this evidence, the *Clevenger* court held that there was sufficient evidence to support the submission to the jury of the issue on course and scope of employment and therefore, the trial court erred in entering an instructed verdict. *Id.* at 181.

Although appellant in the present case places a great deal of reliance on the *Clevenger* case, we find that the facts in the case at bar do not support a finding that there was any "implied compulsion" to attend the picnic at which appellant was injured while playing softball. In her deposition, appellant stated that attendance was not mandatory. She also stated that attending, or failing to attend, the picnic did not affect her job. Unlike *Clevenger*, no one told appellant that they expected her to be present. Also unlike *Clevenger*, no one indicated to appellant that she should get involved in a particular activity. Finally, there is nothing in the evidence before us to indicate that anything other than pure recreation occurred during the course of the picnic. This missing factor also distinguishes the case at bar from *Clevenger.*

We find that no genuine issue of material facts exists concerning an implied compulsion to participate. *See Mersch,* 781 S.W.2d at 450. *But see Employers Mutual,* 382 S.W.2d at 148 (plaintiff was acting within course and scope of employment at time of injury when his presence at hunting lease was with the approval and suggestion of his employer and employee was promoting good will).

We next address appellant's contention that appellant's employer derived some substantial direct benefit from appellant's participation in the activity in question. An injury occurring while an employee is engaged in a recreational activity sponsored by the employer is within the course and scope of employment when "the employer derives some benefit from the activity, other than the health and morale of the employee." *Mersch,* 781 S.W.2d at 450.

Appellant testified during the course of her deposition that her attendance at the picnic had no effect on her job. Appellant also stated she was unaware of any benefit to be gained by her employer as a result of appellant's attendance and participation. Appellant contends, however, that her employer derived a direct benefit from the picnic in two ways: (1) the employees became better acquainted; and (2) a better working atmosphere was created. In support of these contentions, appellant points to her testimony wherein she stated:

Q. Mavis, what was the purpose of this picnic?

A. Well, it was, my understanding, it was a picnic they have every year by the material department being such a big department, we're in different areas, and that was one of the times all of us could come together and get together with each other and meet other people there, as well as the people you work with.

Appellant argues that it is a reasonable inference that the picnic benefitted appellant's employer because by getting the employees together, an atmosphere of teamwork and cooperation was fostered, and as a result of this better working atmosphere, better employees could be attracted and performance and employer-employee relations would be improved.

As previously set out, the benefit to the employer must be something other than the health and morale of the employee. *Mersch,* 781 S.W.2d at 450. Morale is defined in the dictionary to mean:

[T]he mental and emotional condition (as of enthusiasm, confidence, or loyalty) of an individual or group with regard to the function or tasks at hand.

[A] sense of common purpose with respect to a group.

[T]he level of individual psychological well-being based on such factors as a sense of purpose and confidence in the future.

Webster's Ninth New Collegiate Dictionary 771 (1983).

We find that the benefits appellant contends were to be derived by the employer from appellant's participation fall under the guise of morale of the employee. As a result, the injury sustained by appellant while participating in the recreational activity sponsored by the employer did not occur within the course and scope of appellant's employment. We find support for this holding in the language of *Campbell*, 378 S.W.2d at 356 wherein the court stated:

> Mr. Campbell ... was not acting within the scope of his employment.... This is unquestionably true, unless the fact that at the time he jumped from a boat and drowned he was attending a company sponsored picnic *which had for its purpose good relationship between the company and its employees*, changed that legal situation. We hold that it did not.

*Id.* (emphasis added).

Appellant's sole point of error is overruled.

The judgment of the trial court is affirmed.