**ABE'S COLONY CLUB, INC., and Billy Ray Callihan, Appellants,**

v.

**C & W UNDERWRITERS, INC., and Mount Hawley Insurance Company, Appellees.**

No. 2–92–249–CV.

Court of Appeals of Texas, Fort Worth.

April 21, 1993.

Rehearing Overruled May 18, 1993.

Law Offices of Bob Roberts and Bob Roberts, and Ted Applewhite, Austin, Jenks Garrett, Arlington, for appellants.

Strasburger & Price, L.L.P. James K. Peden, III, P.C., Gregory K. Winslett and Michael R. Buchanan, Dallas, for appellees.

Before HILL, C.J., and FARRIS and DAY, JJ.

## OPINION

FARRIS, Justice.

Appellants, Abe's Colony Club, Inc. (Abe's), and Billy Ray Callihan, appeal a summary judgment for appellees, C & W Underwriters, Inc. (C & W), and Mount Hawley Insurance Company (Mt. Hawley), in their suit to enforce coverage of a standard Texas Multi–Peril Policy. Abe's sued C & W and Mt. Hawley for breach of contract, violation of the Texas Deceptive Trade Practices Act, violation of the Texas Insurance Code and breach of a duty of good faith and fair dealing, because Mt. Hawley denied its claim for damages it suffered in a suit brought by Callihan for injuries he incurred in a vehicle accident caused by an intoxicated patron of a bar owned and operated by Abe's. Callihan is a party to this appeal because Abe's assigned to him its claims against the insurance carriers. Appellants contend summary judgment was improvidently granted because the summary judgment proof was incompetent and material questions of fact existed as to each of their claims. We overrule appellants' points of error and affirm the trial court's judgment, because the affidavits attached to Mt. Hawley's motion for summary judgment were based on personal knowledge and were not conclusory, and because the liquor liability exclusion provision and statute of limitations bar appellants' claims.

We will discuss appellants' points of error only as they apply to Mt. Hawley be-

cause appellants failed to challenge one of C & W's independent grounds for summary judgment. *See Carr v. Brasher,* 776 S.W.2d 567, 569 (Tex.1989); *City of Coppell v. General Homes Corp.,* 763 S.W.2d 448, 451 (Tex.App.—Dallas 1988, writ denied).

■ In their first point of error, appellants complain (1) the judgment is not supported by any competent proof and (2) their special exceptions to Mt. Hawley's amended answer preclude summary judgment. We will not discuss the second portion of appellants' first point, because pleadings are not summary judgment proof, *see Baker v. John Peter Smith Hosp., Inc.,* 803 S.W.2d 454, 456–57 (Tex.App.—Fort Worth 1991, writ denied), and because appellants did not preserve error on their special exceptions.

■ Affidavits are competent summary judgment evidence if they are made on personal knowledge, set forth facts as would be admissible in evidence and show affirmatively that the affiant is competent to testify to the matters stated therein. *Brownlee v. Brownlee,* 665 S.W.2d 111, 112 (Tex.1984). Appellants objected to the affidavits claiming generally they contain legal conclusions and opinions, and specifically that the affidavits of Pat Alexander and Carma Slaymaker do not show they are based on personal knowledge.

■ Although Alexander's and Slaymaker's affidavits do not contain express language that they are based on personal knowledge, we hold the substance of the affidavits *affirmatively shows* Alexander and Slaymaker are competent to testify to the matters stated therein. In her affidavit Alexander states:

> At all times relevant to the matters referenced herein, I was the *owner and operator* of a surplus lines insurance agency/brokerage in Bedford, Texas, known as Insurance Specialty Markets, Inc. *At all times relevant to the matters referenced herein, I was a person responsible for the custody and maintenance of Insurance Specialty Markets, Inc.'s records relating to* the application for general liability insurance coverage

of Abe's Colony Club, Inc. d/b/a Tootsey's. [Emphasis added.]

In her affidavit Slaymaker states:

> *At all times relevant to the matters referenced herein, I was and am a Claims Examiner for Mt. Hawley Insurance Company.* At all times relevant to the matters referenced herein I was and am a person responsible for the custody and maintenance of the claims file of Abe's Colony Club, Inc..... [Emphasis added.]

Because both affidavits show these individuals were testifying about matters within the scope of their employment, personal knowledge was sufficiently demonstrated.

Likewise, these affidavits as well as the others appellants challenge were not conclusory or opinions. The affiants merely relayed their versions of the facts. Point of error one is overruled.

■ We overrule appellants' second point of error that there is no evidence or the evidence is insufficient to support the summary judgment, because it is not a point for review in a summary judgment case.

■ Substantively, appellants argue in points of error three through seven the trial court erred in granting Mt. Hawley's motion for summary judgment because material questions of fact existed as to: (1) appellants' claim that Mt. Hawley owed a duty to defend the underlying lawsuit and to indemnify; (2) their Insurance Code claims; (3) their DTPA claims; and (4) their common-law claims. Because a summary judgment for the defendant disposing of the entire case is proper only if, as a matter of law, the plaintiff cannot succeed on any theory pled, we will address each of appellants' claims. *See Delgado v. Burns,* 656 S.W.2d 428, 429 (Tex.1983). To determine whether a material question of fact existed as to the disputed issue of coverage, we must first discern what theories of liability Callihan alleged in the underlying suit. *Thornhill v. Houston General Lloyds,* 802 S.W.2d 127, 128 (Tex.App.—Fort Worth 1991, no writ).

In relevant part, Callihan's petition reads:

On or about November 17, 1985, at approximately 4:49 a.m. an automobile driven by Defendant Carl Williams collided with Plaintiff's vehicle in Austin, Travis County, Texas, pinning Plaintiff between the vehicles and severing his leg. As a result of said collision, Plaintiff received painful and disabling injuries.

. . . .

Plaintiffs would further show that Abe's Colony Club, Inc. d/b/a Tootsy's and/or its agents and/or employees served Carl Williams alcoholic beverages when they knew or should have known that Williams was intoxicated. Moreover, after Defendant Carl Williams was intoxicated, the Defendant Abe's Colony club, Inc. d/b/a Tootsy's, its agents or employees, permitted Defendant Carl Williams to leave the bar and get behind the wheel of a car, when they knew or should have known, that his presence on the streets and highways was a threat to the safety of the public. Accordingly, the conduct of Abe's Colony Club, Inc. d/b/a Tootsy's constitutes negligence and gross negligence, for which Plaintiffs are entitled to recover.

Specifically, said Defendant was also negligent and grossly negligent in:

1. Failing to determine, discovery, [sic] or notice that Carl Williams was intoxicated;

2. Continuing to serve Carl Williams after he was intoxicated;

3. Failing to instruct, supervise, or train its employees in how to discover, or deal with, intoxicated patrons;

4. Failing to offer alternative transportation to Carl Williams after it was known or should have been known that Carl Williams was intoxicated. . . .

We must also consider these allegations in light of the policy which states there is no coverage for loss due to:

(h) **bodily injury or property damage** for which the **insured** or his indemnitee may be held liable

(1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or

(2) if not so engaged, as an owner or lessor of premises used for such purposes, if such liability is imposed

(i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or

(ii) *by reason of the selling, serving or giving of any alcoholic beverage* to a minor or *to a person under the influence of alcohol or which causes or contributes to the intoxication of any person;* [Emphasis added.]

but part (ii) of this exclusion does not apply with respect to liability of the **insured** or his indemnitee as an owner or lessor described in (2) above; . . .

This exclusion is identical to the one we analyzed in *Thornhill,* and it plainly and specifically negates *coverage for liability arising out of the business of selling or serving alcohol.* See *Thornhill,* 802 S.W.2d at 130. Appellants argue the following allegations fall outside this liquor liability exclusion: Abe's was negligent in its: (1) failure to determine, discover or notice that Williams was intoxicated; (2) failure to offer Williams alternative transportation; and (3) failure to properly train or supervise its employees.

This argument is flawed because each of these allegations *arises out of* the business of selling or serving alcohol to a person under the influence of alcohol or which causes or contributes to the intoxication of any person. *See Thornhill,* 802 S.W.2d at 130 (the fact that Thornhill was alleged to have been negligent in failing to properly train or supervise employees with regard to the sale of alcoholic beverages did not cause the complaint to fall outside the scope of the exclusion). Therefore, the complaint falls within the liquor liability exclusion and Mt. Hawley had no duty to defend under the policy.

■ Abe's argues, notwithstanding the policy exclusion, Mt. Hawley had a duty to defend and indemnify it in the underlying suit, because an alleged agent of Mt. Hawley misrepresented the policy's coverage.

Mary Louise Esquell is the alleged agent and it is undisputed that she was the only individual who made any representation to Abe's regarding liquor liability insurance. The uncontroverted summary judgment proof established an officer of Abe's, Steve Weinstein, and Abe's insurance agent, Lewis Troiano, Jr., met with Esquell and Esquell told them she could secure liquor liability insurance. Weinstein signed an application, which identified Esquell's business, Texas Insurance Associates (TIA), as agent, for liability coverage including liquor liability, but specified no particular insurance carrier. A month after Weinstein signed the application, Troiano asked Esquell for binders on the requested coverage and directed Esquell to send the certificates to Abe's. Esquell then sent to Abe's a certificate of insurance verifying liability coverage, including liquor liability coverage by Illinois Insurance Exchange. Esquell then requested a quote for general liability insurance for Abe's from ISM, a surplus lines insurance broker, which received a quote from C & W. ISM forwarded C & W's quote to Esquell and it was agreed upon. Esquell wrote Abe's confirming coverage placed with Illinois Insurance Exchange. C & W issued and sent to ISM a binder for Abe's policy, and ISM notified TIA general liability coverage for Abe's had been secured.

Throughout this transaction Esquell never mentioned the insurer, Mt. Hawley, to Abe's. No one represented to Abe's that Mt. Hawley would provide liquor liability insurance. The public records of the State of Texas did not list Esquell as an agent for Mt. Hawley. Abe's had no contact with Mt. Hawley, and Mt. Hawley never authorized Esquell to bind coverage. Esquell used TIA stationery and business cards.

In an attempt to controvert this proof, appellants argue Esquell was Mt. Hawley's agent because the last sentence of her affidavit states she was engaged in "solicitation of coverage." Tex.Ins.Code Ann. art. 21.02 (Vernon Supp.1993)[1]. Even if Esquell was a soliciting agent of Mt. Hawley,

the uncontroverted evidence establishes her authority was limited to receiving and forwarding applications for insurance, therefore, she could not bind Mt. Hawley by her misrepresentation, unless Mt. Hawley bestowed apparent authority on her. *See, e.g., Guthrie v. Republic Nat'l Ins. Co.,* 682 S.W.2d 634, 637 (Tex.App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.).

Appellants contend Mt. Hawley conferred apparent authority on Esquell because: the application form for the insurance shows TIA is the "producer" of the client and/or policy; Abe's was directed in no uncertain terms to deal only with Esquell in connection with the insurance policy, not C & W or Mt. Hawley; and Esquell accepted the first premium and gave oral reassurances regarding coverage. This argument is misguided because it emphasizes the acts of Esquell and not Mt. Hawley. In order for Esquell to have had the necessary apparent authority, Mt. Hawley must have conferred the authority through acts that, either intentionally or negligently, induced Abe's to believe Esquell had the authority she claimed to have. *Id.* The facts show conclusively that Mt. Hawley had absolutely no contact with Abe's when the alleged misrepresentations occurred. Because there is no evidence that Mt. Hawley clothed Esquell with apparent authority, there is no question of fact as to whether Mt. Hawley had a duty to defend and indemnify Abe's in the underlying suit.

Appellants also argue there are material questions of fact concerning Mt. Hawley's liability under section 3.62 of the Insurance Code because Mt. Hawley failed and refused to defend Abe's within thirty days of its demand. Tex.Ins.Code Ann. art. 3.62 (Vernon 1981). Because the summary judgment proof established Mt. Hawley had no duty to defend under the policy, there are no questions of fact on this claim.

■ Appellants' remaining claims of violation of the Texas Deceptive Trade Practices Act and the Texas Insurance Code, and breach of the duty of good faith and fair dealing are barred by limitations. The

---

1. Article 21.02 provides, "Any person who solicits insurance on behalf of any insurance company ... shall be held to be the agent of the company for which the act is done...."

statute of limitations for each of these claims is two years. *See* TEX.BUS. & COM. CODE ANN. § 17.565 (Vernon 1987) (DTPA claims); TEX.INS.CODE ANN. art. 21.21, sec. 16(d) (Vernon Supp.1993) (Insurance Code violations); and TEX.CIV.PRAC. & REM.CODE ANN. § 16.003(a) (Vernon 1986) (breach of duty of good faith and fair dealing).

The summary judgment proof establishes this suit was filed on January 22, 1991; Esquell misrepresented her ability to obtain liquor liability insurance on July 25, 1985; and Abe's received the Mt. Hawley insurance policy in March 1986. Callihan filed suit in February 1987, and served citation on Abe's in March 1987. Abe's demanded defense from Mt. Hawley in April 1987; Mt. Hawley denied coverage in May 1987; and appellants filed the instant suit on January 22, 1991.

Citing *G.A. Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544 (Tex. Comm.App.1929), appellants assert limitations does not begin to run against Mt. Hawley until judgment in the underlying suit becomes final. Appellants' reliance on *Stowers* is misplaced, because in that case the insurer assumed the duty and cost of defense so the only issue was damages for liability above the policy limit which could not be determined until the underlying suit was final; whereas, in this case, Abe's seeks damages for expenses it *already incurred* in defending Callihan's claim. Because limitations begin when the wrongful act occurs resulting in *some* damage, Abe's began when it started defending the Callihan action. *Murray v. San Jacinto Agency, Inc.*, 800 S.W.2d 826, 828 (Tex.1990).

Because *Continental Casing Corp. v. Samedan Oil Corp.*, 751 S.W.2d 499, 501 (Tex.1988), directs us to view the evidence in the light most favorable to the nonmovant, we will assume the cause of action accrued when Abe's discovered or, in the exercise of reasonable diligence, should have discovered it was entitled to seek a judicial remedy. Given the above uncontroverted facts and the discovery rule, we find the latest date the claims asserted by Abe's arose was May 1987, the date Mt. Hawley denied Abe's coverage under the policy.

Since this date was over three years before appellants sued Mt. Hawley, on January 22, 1991, appellant's DTPA, Insurance Code, and duty of good faith and fair dealing claims are barred by the statute of limitations. Points of error three, four, five, six, and seven are overruled.

The trial court's judgment is affirmed.