United States Court of Appeals,

Fifth Circuit.

No. 92-7682.

WESTERN HERITAGE INSURANCE CO., Plaintiff-Appellant/Cross-Appellee.

v.

RIVER ENTERTAINMENT d/b/a Pepe's on the River, Raul Rodriguez and Luz Marie Rodriguez, Defendants-Appellees/Cross-Appellants.

Aug. 23, 1993.

Appeal from the United States District Court for the Southern District of Texas.

Before REAVLEY, DUHÉ, and BARKSDALE, Circuit Judges.

DUHÉ, Circuit Judge:

This is an appeal from a declaratory judgment action filed by Western Heritage Insurance Company ("Western Heritage"), to determine what obligations it owed its insured, River Entertainment d/b/a Pepe's on the River ("River Entertainment"). The district court concluded that the insurer had no duty to defend its insured in a state court suit filed by Raul and Luz Marie Rodriguez ("Rodriguez' "). We agree. However, we now modify the district court's earlier 12(b)(6) ruling on Western Heritage's duty to indemnify its insured. The conclusion that the insurer owes no duty to defend River Entertainment forecloses the possibility of future indemnity under the terms of the policy at issue.

I.

The catalyst for the declaratory judgment action is a state court suit filed by the Rodriguez' against Robert Hill and River Entertainment in which the parties stipulated that Hill became intoxicated while at Pepe's, drove off into the Texas night and hit the Rodriguez's vehicle, killing their minor daughter.

River Entertainment requested that Western Heritage defend and indemnify it pursuant to the terms of Western Heritage's comprehensive general liability policy issued to River Entertainment.

The insurer declined because of a liquor-liability exclusion in the policy.[1] Western Heritage then filed this declaratory judgment action, naming River Entertainment and the Rodriguez' as defendants. Jurisdiction was grounded in diversity, and the original complaint requested relief under the Uniform Declaratory Judgments Act, Tex.Civ.Prac. & Rem.Code §§ 37.001—.011 (Vernon 1986). Western Heritage later amended its complaint to invoke the Federal Declaratory Judgment Act, 28 U.S.C. § 2201(a).

River Entertainment and the Rodriguez' answered and moved for 12(b)(6) dismissal of the indemnity issue. District Judge Hinojosa granted this motion:

> Court GRANTS Motion to Dismiss to Defendant with regards to indemnification issue. Court finds that in a State Court diversity [sic], the Court would only be issuing an advisory ruling.

The court was referring to Texas law that prohibits state courts from issuing an advisory opinion: "[A]n advisory opinion is being sought if a party requests a court to render a declaratory judgment premised upon the occurrence of a future hypothetical event." *Texstar N. Am., Inc. v. Ladd Petroleum Corp.,* 809 S.W.2d 672, 679 (Tex.Civ.App.—Corpus Christi 1991, writ denied).

Trial proceeded on the duty to defend issue before District Judge Harmon on stipulated facts and documentary evidence. She concluded that the policy's terms were unambiguous, and that it did

---

[1]This exclusion states:

> This insurance does not apply:
>
> (h) to bodily injury or property damage for which the insured or his indemnitee may be held liable
>
>> (1) as a person or organization engaged in the business of manufacturing, distributing, selling or serving alcoholic beverages, or
>>
>> (2) if not so engaged, as owner or lessor of premises used for such purposes,
>
> if such liability is imposed
>
>> (i) by, or because of the violation of, any statute, ordinance or regulation pertaining to the sale, gift, distribution or use of any alcoholic beverage, or
>>
>> (ii) by reason of the selling, serving or giving of any alcoholic beverage to a minor or to a person under the influence of alcohol or which causes or contributes to the intoxication of any person[.]

not provide coverage for claims stemming from the sale of alcoholic beverages to an intoxicated individual:

> The Court is faced with a situation in which there is an unambiguous insurance policy containing an unambiguous exclusion clause and an allegation in a petition which does not mention impairment by reason of alcohol.[2] The undisputed facts extraneous to this petition are, however, t hat Hill's impaired state was the result of his having consumed numerous alcoholic beverages at the insured's establishment.

River Entertainment and the Rodriguez' appeal this decision which ultimately held that Western Heritage was not obligated to defend the underlying suit. Western Heritage cross-appeals from the 12(b)(6) dismissal of the indemnification issue.

II.

*Duty to Defend*

The Western Heritage general liability policy excludes coverage for claims stemming from the sale of alcoholic beverages to an intoxicated person. It is obvious that the Rodriguez' deleted all references to "alcohol" or "intoxication" in their amended complaint against Hill and River Entertainment in order to avoid the policy's exclusionary provisions.[3]

River Entertainment and the Rodriguez' argue that the court erred in not following Texas' "complaint allegation rule." This rule asserts that an insurer's duty to defend is determined only by reference to the petition and the policy's provisions. *See Argonaut Southwest Ins. Co. v. Maupin,* 500 S.W.2d 633, 635 (Tex.1973). However, when the petition does not contain sufficient facts to enable the court to determine if coverage exists, it is proper to look to extrinsic evidence in order to adequately address the issue. *State Farm Fire & Cas. Co. v. Wade,* 827 S.W.2d 448, 452-53 (Tex.Civ.App.—Corpus Christi 1992, writ denied).

---

[2]The underlying suit filed by the Rodriguez' alleges that River Entertainment was negligent in: (1) allowing Hill to leave Pepe's and drive a vehicle at a time when the establishment's employees knew or should have known that Hill's driving ability was impaired; and, (2) failing to call a cab for Hill, or provide him with safe transportation at a time when Pepe's employees knew or should have known that Hill's driving ability was impaired. R. 159.

> Western Heritage points out that all references to alcohol and intoxication were deleted from the Rodriguez' amended complaint; their original complaint did state a claim for negligence based on Pepe's continuing to serve Hill in his intoxicated condition.

[3]*See supra* note 2.

The Rodriguez' argue that the underlying complaint sufficiently set forth the theories of liability they were asserting against River Entertainment. Consequently, the court erred by looking beyond the amended petition to determine that, because Hill became intoxicated at Pepe's, the claims ultimately derive from the selling or giving of alcohol to an intoxicated person. The Rodriguez' maintain that the suit is premised on River Entertainment's failure to restrain Hill from driving away, or in failing to call him a cab. However, no authority is cited for either of these causes of action.[4] The Rodriguez' brief states, "Of course, whether or not the Texas courts will recognize such a cause of action is an open question." They continue that this uncertainty should not diminish Western Heritage's duty to defend River Entertainment in the underlying suit.[5]

---

[4]River Entertainment's brief cites *Otis Eng'g Corp. v. Clark,* 668 S.W.2d 307 (Tex.1983), for the proposition that the Texas Supreme Court has adopted § 319 from the *Restatement (Second) of Torts.* This section states:

> One who takes charge of a third person whom he knows or should know to be likely to cause bodily harm to others if not controlled is under a duty to exercise reasonable care to control the third person to prevent him from doing such harm.

*Otis Eng'g Corp.,* however, is much narrower than River Entertainment asserts. In that case, the Texas Supreme Court adopted the "control over a third person" rationale in the employer-employee context. A supervisor sent a visibly intoxicated employee home, and even walked him to the parking lot. The employee's car struck another vehicle, killing its two occupants. The "special relationship" between employer and employee imposed a duty on the employer to act in a reasonable manner so as to prevent the intoxicated employee from causing an unreasonable risk of harm to others.

No authority is cited for the notion that a restaurant/bar operator has a special relationship with its customers which would create such a duty. In a recent case, the Texas Court of Civil Appeals has squarely rejected such an argument. *Abe's Colony Club, Inc. v. C & W Underwriters, Inc.,* 852 S.W.2d 86 (Tex.Civ.App.—Fort Worth 1993, writ filed). *See* discussion *infra,* at note 5.

[5]This uncertainty has been dispelled by the recent decision in *Abe's Colony Club, Inc. v. C & W Underwriters, Inc.,* 852 S.W.2d 86 (Tex.Civ.App.—Fort Worth 1993, writ filed). After obtaining a judgment against the insured tavern owner, the damage plaintiff and the insured sought to enforce coverage. The insurance contract contained a liquor liability exclusion identical to the one at issue in the present case. *See id.* at 89. In an attempt to skirt the preclusive effects of this section, the insured argued:

> [T]he following allegations fall outside the liquor liability exclusion: Abe's was negligent in its: (1) failure to determine, discover or notice that Williams was intoxicated; (2) failure to offer Williams alternative transportation; and (3) failure to properly train or supervise its employees.

*Id.*

This argument is unavailing. The question of coverage is separate and apart from the question of whether the Rodriguez' can forge a new cause of action in Texas. They are not precluded from doing so in their underlying suit against River Entertainment. Our holding speaks only to the question of coverage under the policy at issue.

The Rodriguez' state court complaint alleges that Hill's impaired condition should have alerted Pepe's employees that he presented a danger to third parties. No reason for Hill's impairment is given; however, the parties stipulated that Hill became intoxicated while at Pepe's, and that his "impairment" was due solely to his intoxication. R. 179-80.

As a diversity court, we are *Erie* bound to apply Texas law. We are persuaded by the reasoning in *Wade* that Texas law would sanction the district court's methodology in reaching its conclusion. *See State Farm Fire & Cas. Co. v. Wade,* 827 S.W.2d 448 (Tex.Civ.App.—Corpus Christi 1992, writ denied).

The court in *Wade* was asked to determine whether a private boatowner's policy would provide the insured's estate with a defense to an underlying action brought by representatives of the deceased passenger. The insurer alleged that the decedent was using his boat in a commercial activity, and this was excluded from coverage. The court observed that it was impossible to tell how the boat was being used by reading the underlying petition. Such a determination was "critical" to determining whether coverage was possible. *Id.* at 451. After reaffirming that the complaint-allegation rule was the general rule in Texas, the *Wade* court used a narrow exception to ascertain whether coverage was proper:

> When the petition in the underlying lawsuit does not allege facts sufficient for a determination of whether those facts, even if true, are covered by the policy, the evidence adduced at the trial in a declaratory judgment action may be considered along with the allegations in the underlying petition.

The Texas Court of Civil Appeals concluded that, despite the framing of the allegations, the complaint fell within the liquor liability exclusion. *Id.* The court's reasoning was analogous to that employed by Judge Harmon in the present case: "This argument is flawed because each of these allegations arises out of the business of selling or serving alcohol to a person under the influence of alcohol or which causes or contributes to the intoxication of any person." *Id.* (citing *Thornhill v. Houston General Lloyds,* 802 S.W.2d 127, 130 (Tex.Civ.App.—Fort Worth 1991, no writ)).

*Id.* at 452 (citing *Gonzales v. American States Ins. Co.,* 628 S.W.2d 184, 186 (Tex.Civ.App.—Corpus Christi 1982, no writ)); *see Abe's Colony, Inc.,* 852 S.W.2d at 89; *Thornhill v. Houston General Lloyds,* 802 S.W.2d 127, 130 (Tex.Civ.App.—Fort Worth 1991, no writ).

In the instant case, it is impossible to discern from the Rodriguez' complaint why Hill was impaired to the point where Pepe's employees should have restrained him. Such an explanation is critical to the question of coverage under the Western Heritage policy issued to River Entertainment. The district court was correct in its holding: "The second amended petition in the underlying suit here does not allege why the defendant was impaired. Extraneous evidence may be considered in order to determine the reason for the impairment so that it can be decided whether or not the insurance policy gives rise to a duty to defend." R. 246.

### III.

*Duty to Indemnify*

Western Heritage's initial petition also requested that the court determine if it would be responsible for paying any resulting judgment in the Rodriguez' state court action against River Entertainment. Judge Hinojosa declined to address this issue, and granted the Defendants' 12(b)(6) motion to dismiss. Western Heritage appeals this decision, arguing that the district court erred by following Texas law which prohibits state courts from issuing advisory opinions on matters which have not, and may never, come to pass. *See, e.g. Firemen's Ins. Co. v. Burch,* 442 S.W.2d 331 (Tex.1968).

Regardless of the district court's reliance on Texas precedent, logic and common sense dictate that, if the district court's reading of the liquor liability exclusion is correct (*i.e.* no duty to defend), there can be no indemnity following a judgment. This conclusion is inescapable in light of the policy's exclusion section: "This insurance *does not apply....*" (quoted *supra,* note 1) (emphasis added).

The district court correctly interpreted the liquor liability exclusion of the policy. Because the insurance coverage does not apply, there can be no duty imposed on Western Heritage to indemnify its insured. Therefore, the August 31, 1992 judgment of the district court is modified so

as to now make explicit what was implicit in that decision; Western Heritage is not obligated to provide indemnity for any judgment following a decision in the Rodriguez' state court suit against River Entertainment.

IV.

For the foregoing reasons, we affirm the judgment denying the duty to defend; and we modify and render judgment denying the duty to indemnify.

AFFIRMED IN PART, MODIFIED AND RENDERED IN PART.

* * * * * *