**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

July 13, 2009

Charles R. Fulbruge III
Clerk

No. 08-20629
Summary Calendar

BJB CONSTRUCTION LLC

Plaintiff

v.

ATLANTIC CASUALTY INSURANCE COMPANY

Defendant-Third Party Plaintiff-Appellant

v.

TEXAS MUTUAL INSURANCE CO.

Third Party Defendant-Appellee

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:07-CV-157

Before JOLLY, BENAVIDES, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

This is an appeal from a summary judgment granted in favor of Texas Mutual Insurance Co. ("Texas Mutual") holding that Texas Mutual was not obligated to defend a party in the underlying lawsuit and that Atlantic Casualty

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Insurance Company ("Atlantic") was not entitled to reimbursement from Texas Mutual. For the following reasons, we affirm the judgment of the district court.

I.

Antonio Ruiz, the plaintiff in the underlying lawsuit, asserted claims against BJB Construction, L.L.C. ("BJB Construction") and E. Garza & Associates, Inc. ("E. Garza"). Ruiz alleged that he sustained injuries on or about April 4, 2004, when scaffolding collapsed at a job site in Houston, Texas. Ruiz claimed his injuries were caused by the negligence of E. Garza and BJB Construction and that both E. Garza and BJB Construction were negligent in the following respects: (1) failure to maintain and/or provide proper equipment to workers and/or subcontractors and independent contractors; (2) failure to provide adequate safety policies and practices; (3) failure to provide adequate safety equipment; (4) failure to provide proper assistance; (5) failure to provide properly trained supervisors and/or directors; and (6) requiring Ruiz to perform tasks under the conditions stated above.

Atlantic insured E. Garza under a commercial general liability policy and Texas Mutual insured E. Garza under a Texas workers' compensation/employers' liability policy. E. Garza provided a copy of Ruiz's petition to both Atlantic and Texas Mutual, requesting that the carriers provide it a defense to the action. Atlantic tendered a defense to E. Garza and to BJB Construction under a reservation of rights. Texas Mutual, believing that the allegations in the petition did not implicate coverage under its policy, did not tender a defense to E. Garza. The underlying lawsuit settled in 2007, with Atlantic paying a $275,000 settlement and incurring E. Garza's defense costs.

Atlantic filed a declaratory judgment action in which Atlantic sought reimbursement and contribution from Texas Mutual for defense costs incurred and settlement monies paid by Atlantic on behalf of E. Garza in the underlying suit. Texas Mutual counterclaimed for a declaratory judgment that it had no

duty to defend or indemnify E. Garza in the underlying lawsuit and, therefore, no liability to Atlantic. Both Atlantic and Texas Mutual filed motions for summary judgment regarding whether Texas Mutual had a duty to defend or indemnify E. Garza in the underlying lawsuit. Atlantic then filed a motion for leave to amend its complaint, which the district court denied. In a memorandum opinion and order, the district court granted Texas Mutual's motion for summary judgment, holding that Texas Mutual owed E. Garza no duty to defend or to indemnify in the underlying lawsuit. Final judgment was entered on April 23, 2008, providing that (1) "Texas Mutual owed E. Garza no duty of defense or indemnity," (2) "Texas Mutual has no duty to reimburse Atlantic for the costs of defense and settlement," and (3) "Atlantic take nothing in its claims against Texas Mutual." Atlantic filed a Rule 59(e) Motion on May 6, 2008, which the court denied. Atlantic filed the instant appeal on September 15, 2008.

## II.

This Court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court. *Strong v. Univ. Healthcare Sys., L.L.C.*, 482 F.3d 802, 805 (5th Cir. 2007). Summary judgment is proper if the record reflects "that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

Under Texas law, which governs this diversity suit, evaluation of the petition and the policy is conducted pursuant to the "eight corners" rule. *Guaranty Nat'l Ins. Co. v. Vic Mfg. Co.*, 143 F.3d 192, 193 (5th Cir. 1998) (citing *Nat'l Union Fire Ins. Co. v. Merchants Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997)). Under this rule, "the court compares the four corners of the insurance policy with the four corners of the plaintiff's pleading to determine whether any claim alleged by the pleading is potentially within the policy coverage." *Id.* Courts "must focus their review on the pleading's factual allegations, not on the legal theories asserted." *Nat'l Union*, 939 S.W.2d at 142.

A court interprets the allegations liberally and resolves all doubts regarding the duty to defend in favor of the insured, but the court may not read facts into the pleadings, look outside the pleadings, or imagine factual scenarios that might trigger coverage. *Id.* at 141–42; see also *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 825 (Tex. 1997) (refusing to "read facts into the pleadings" for the purpose of establishing a duty to defend).

Texas Mutual's policy is a workers' compensation and employer's liability policy that provides coverage for claims by E. Garza's employees or their survivors for injuries or deaths occurring to E. Garza's employees in the course and scope of their employment. Unlike Atlantic's policy, Texas Mutual's policy is limited to claims arising from on-the-job injuries by E. Garza's employees and does not provide commercial general liability coverage.

In his pleadings in the underlying lawsuit, Ruiz never alleged that E. Garza was his employer. E. Garza was a subcontractor on a construction project during the period covered by the insurance policies. Ruiz pleaded allegations of negligence relating to E. Garza's failure to provide: proper equipment, adequate safety policies and practices, adequate safety equipment, proper assistance, and properly trained supervisors. Ruiz made the same allegations against both of the defendants in the underlying suit. He did not state any additional facts that would support an employment relationship. As reasoned by the district court, the allegations are focused on control of the workplace environment, not Ruiz's employment. A court cannot read facts into the pleadings to establish a plausible employment relationship. Thus, under the eight-corners rule, the petition did not allege a claim within the Texas Mutual policy's coverage.[1]

---

[1] In determining whether Texas Mutual had a duty to defend E. Garza in the underlying suit, the district court considered deposition testimony submitted by Texas Mutual that established that Ruiz worked for Francisco Garcia and not E. Garza. Although "[f]acts outside the pleadings, even those easily ascertained, are ordinarily not material to the [duty to defend]determination," *Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596, 600 (5th Cir. 2006),

Furthermore, because Texas Mutual had no duty to defend E. Garza, Texas Mutual has no obligation to indemnify E.Garza and no liability to Atlantic for settlement costs.[2] *See Noble Energy, Inc. v. Bituminous Cas. Co.*, 529 F.3d 642, 649 (5th Cir. 2008) (noting that the duty to indemnify under an insurance policy is narrower than the duty to defend).

The judgment of the district court is AFFIRMED.

---

intermediate Texas appellate courts and this court have held that extrinsic evidence may be looked to when (1) the pleadings in the underlying lawsuit fail to allege facts implicating or excluding coverage and (2) the extrinsic evidence goes only to the coverage issue and does not contradict anything in the pleadings. *W. Heritage Ins. Co. v. River Entm't*, 998 F .2d 311, 313 (5th Cir. 1993); *State Farm Fire & Cas. Co. v. Wade*, 827 S.W.2d 448, 452–53 (Tex. App. 1992). This exception has been acknowledged by the Texas Supreme Court, though it has not been explicitly accepted. *See, e.g., Zurich Am. Ins. Co. v. Nokia*, 268 S.W.3d 487, 497–98 (Tex. 2008). In any event, the district court's consideration of such evidence was not error because—even excluding the deposition testimony— the pleadings did not allege a claim that was within the policy's coverage.

[2] We do not find that the district court abused its discretion in denying Atlantic leave to amend its complaint because the additional allegations were immaterial to the outcome of the suit. *See Cent. Laborers' Pension Fund v. Integrated Elec. Servs. Inc.*, 497 F.3d 546, 551 (5th Cir. 2008) (holding that it is not an abuse of discretion to deny leave to amend when amendment would have been futile).