**IN THE UNITED STATES COURT OF APPEALS**

**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**

November 24, 2010

Lyle W. Cayce
Clerk

No. 10-20296
Summary Calendar

ATLANTIC CASUALTY INSURANCE COMPANY

Plaintiff-Appellee

v.

HORATIO GONZALEZ

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas,
No. 4:08-CV-3583

Before DAVIS, SMITH, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Appellant Horatio Gonzalez appeals a Summary Judgment in favor of Atlantic Casualty Insurance Co. (Atlantic) finding that Atlantic had no duty to defend or indemnify its insured, PV Roofing Corp., against a lawsuit filed in Texas state court by Gonzalez. Gonzalez argues that policy exclusions do not excuse Atlantic from the duty to defend. We agree with the District Court that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 10-20296

Atlantic has no duty to defend its insured under the broad language of the policy exclusion. Accordingly, we affirm the judgment of the district court.

I.

This case arises out of an underlying state court lawsuit by Gonzales against PV Roofing for injuries that resulted from PV Roofing's alleged negligence. Gonzalez's original complaint alleged that, while an employee of PV Roofing, he "lost both arms and legs as a result of an electrocution injury when a ladder came into contact with power lines and electrocuted him." Gonzalez amended his petition to allege he was injured "while working in a home." Gonzalez then filed a second amended petition that eliminated any reference to working.

Gonzalez's third and fourth amended petitions allege that he was injured while "at a home in Houston" and was: (1) not an employee of PV Roofing; (2) not an independent contractor of PV Roofing; (3) not a subcontractor of PV Roofing; and (4) not an employee of an independent contractor or subcontractor of PV Roofing. He also alleges that PV Roofing "was engaged in residential roofing activities" and had control over "the job".

Uncontroverted record evidence shows that PV Roofing engaged Bernardo Mejia as an independent contractor to complete a job for PV Roofing. Mejia was a personal friend of Gonzalez. On the day of the accident, Mejia went to do his final inspection at the job site and took Gonzalez with him. Mejia got on an aluminum ladder to make a repair. When he finished, he climbed down the ladder and moved around the house to make another repair. Gonzalez followed him with the ladder. Mejia asked Gonzalez to hand him the ladder; when Gonzalez did so, it came into contact with a high voltage power line and

No. 10-20296

Gonzalez was electrocuted. Gonzalez was not paid by Mejia or PV Roofing for any services, and PV Roofing was not aware that Gonzalez would be at the job site.

Atlantic, PV Roofing's insurer, filed suit in the district court seeking a declaration that it had no duty to defend or indemnify PV Roofing in the state court lawsuit. In its Rule 57 petition, Atlantic argued that it had no duty to defend or indemnify PV Roofing because Gonzalez's injury fell under a policy exclusion. The exclusion states:

> This insurance does not apply to:
> (i) "bodily injury" to any "employee" of any insured arising out of or in the course of:
> > (a) Employment by any insured; or
> > (b) Performing duties related to the conduct of any insured's business
> (ii) "bodily injury" to any "contractor" arising out of or in the course of the rendering or performing services of any kind or nature whatsoever by such "contractor" for which any insured may become liable in any capacity . . .
>
> With respect to this endorsement only, the definition of "Employee" in the DEFINITIONS (Section V) of CG0001 is replaced by the following:
>
> "Employee" shall include, but is not limited to, any person or persons hired, loaned, leased, contracted or volunteering for the purpose of providing services to or on behalf of any insured, whether or not paid for such services and whether or not an independent contractor.
>
> As used in this endorsement, "contractor" shall include but is not limited to any independent contractor or subcontractor of any insured . . . and any and all persons working for or providing services and or materials of any kind for these persons or entities mentioned herein.

3

No. 10-20296

Atlantic and Gonzalez filed cross motions for summary judgment, and the district court granted Atlantic's motion, issuing a Declaratory Judgment declaring that Atlantic had no duty to defend or indemnify PV Roofing in Gonzalez's underlying state court lawsuit. The court reasoned that Gonzalez qualified as an "employee" under the broad policy definition, and his claim for bodily injury was excluded from coverage. Gonzalez appeals that Declaratory Judgment.

## II.

Summary judgment is appropriate when "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). "We review a district court's grant of summary judgment *de novo*," viewing the evidence "in the light most favorable . . . to the non-movant." *Goodman v. Harris County*, 571 F.3d 388, 393 (5th Cir. 2009).

Texas law governs this insurance dispute. An insurer's "duty to defend is determined by the third-party plaintiff's pleadings, considered in light of the policy provisions, without regard to the truth or falsity of those allegations." *Zurich American Ins. Co. v. Nokia, Inc.*, 268 S.W.3d 487, 491 (Tex. 2008). An insurer has a duty to defend if there is a possible "case under the complaint within the coverage of the policy." *Id.* (internal quotation and citation omitted).

Although Texas generally applies a strict eight corners rule, *Guideone Elite v. Fielder Rd. Baptist Church*, 197 S.W.3d 305, 308-09 (Tex. 2006), this Circuit has held that reference to extrinsic evidence is acceptable when a petition's factual allegations are insufficient to determine if there is a possible case for coverage. *W. Heritage Ins. Co. v. River Entm't*, 998 F.2d 311, 313 (5th Cir. 1993). This exception to the eight corners rule applies when the applicability

4

No. 10-20296

of policy exclusions cannot be determined by the allegations in the complaint. *See Liberty Mut. Ins. Co. v. Graham*, 473 F.3d 596, 603 (5th Cir. 2006).

III.

The question in this case is whether Atlantic's policy excludes coverage to PV Roofing for Gonzalez's claim based on the exclusion for injuries to employees or contractors. Although Gonzalez's complaint alleges that he was not an employee or a contractor of PV Roofing, those allegations were conclusory because no facts are alleged supporting those conclusions.

As the District Court observed, Gonzalez's complaint "contains no facts describing what Gonzales was actually doing when he was injured, or the nature of his relationship with PV Roofing or Bernardo Mejia." Because Gonzalez alleged insufficient facts to permit us to determine whether the exclusions are applicable, it is appropriate to consider extrinsic record evidence to determine whether Atlantic had a duty to defend PV Roofing. *See W. Heritage Ins. Co.*, 998 F.2d at 313; *Liberty Mut.*, 473 F.3d at 603.

Gonzalez testified that he does not remember what happened after arriving at the job site with Mejia. According to Mejia's deposition testimony, however, Gonzalez moved the ladder at Mejia's request so Mejia could make a roof repair as part of his subcontracting work for PV Roofing. Gonzalez has not contested this testimony or the use of this extrinsic evidence.

Despite Gonzalez's arguments that he was not an employee of PV Roofing because he received no payments from Mejia or PV Roofing, had no relationship with PV Roofing, and did not volunteer to help PV Roofing, we agree with the District Court that Gonzales fell within the broad definition of "employee" in the policy's exclusion. Under the policy, a person is an "employee" if he is

5

No. 10-20296

"volunteering for the purpose of providing services to or on behalf of any insured." Gonzalez "volunteered" to help Mejia, who was repairing a roof on PV Roofing's behalf. When Gonzalez moved the ladder to assist Mejia in making the repair, his actions were also on behalf of PV Roofing. The policy does not require that Gonzalez have a direct, formal relationship with PV Roofing for his actions to qualify as a service "to or on behalf of" the insured. As a volunteer who was performing a service on behalf of PV Roofing, Gonzalez was an "employee", and the "employee" exclusion effectively excluded coverage to PV Roofing for Gonzalez's injury.

IV.

Because Atlantic's policy provides no possibility of coverage to PV Roofing for Gonzalez's injury, Atlantic has no duty to defend or indemnify PV Roofing, and we need not reach Gonzalez's arguments concerning the proper construction of other parts of the exclusion. Accordingly, we AFFIRM the summary judgment of the district court.

AFFIRMED.